UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KENNETH EUGENE BARRETT,           )
                                  )
                Plaintiff,        )
                                  )
        v.                        )        No. 2:20-cv-00596-JRS-DLP
                                  )
FEDERAL BUREAU OF PRISONS,        )
MICHAEL CARVAJAL, Director of Federal )
Bureau of Prisons, and            )
T.J. WATSON, Warden of USP Terre Haute, )
                                  )
                Defendants.       )

**Order Directing Payment of Filing Fee,
Screening Complaint, and
Dismissing Deficient Claims**

Federal Bureau of Prisons inmate Kenneth Eugene Barrett, represented by counsel, commenced this civil action on November 10, 2020. Dkt. 1. The Court makes the following rulings.

**I. Filing Fee**

No later than **December 1, 2020**, Mr. Barrett shall pay the $400 filing fee for this action to the clerk of the district court or demonstrate his financial inability to do so. If Mr. Barrett seeks leave to proceed without prepayment of the filing fee, his motion to do so must be accompanied by a certified statement of the financial transactions in his prisoner trust account for the six-month period preceding the filing of this action. 28 U.S.C. § 1915(b)(1).

**II. Screening Standard**

Because Mr. Barrett is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same).

### III. The Complaint

Mr. Barrett names three defendants in his complaint, all sued in their official capacities: (1) the Federal Bureau of Prisons; (2) Michael Carvajal, Director of the Federal Bureau of Prisons, and (3) T.J. Watson, Warden of the United States Penitentiary Terre Haute. Dkt. 1. He alleges that he suffers from Hepatitis C, a life-threatening condition, and that the defendants, by policy and decisions, refuse to provide him life-saving medical treatment for the condition. Mr. Barrett alleges the defendants are being deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights, and that their actions or inactions also violate the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the Rehabilitation Act (RA), 29 U.S.C. § 794. He seeks declaratory and injunctive relief.

### IV. Discussion

Because a suit against the Federal Bureau of Prisons and its Director in his official capacity is a suit against the same defendant, one of the named defendants is unnecessary to this action. *See White v. Sloop*, 772 F. App'x 334, 336 (7th Cir. 2019) (citing *King v. Fed. Bureau of Prisons*, 415 F.3d 636, 636 (7th Cir. 2005)). The **clerk is directed** to terminate the Federal Bureau of Prisons as a defendant on the docket.

Mr. Barrett's ADA claims must be dismissed because the ADA does not apply to the federal government or federal agencies such as the Bureau of Prisons and its facilities. While the ADA prohibits a "public entity" from excluding disabled individuals from its programs or otherwise discriminating against them, "public entity" is defined, in pertinent part, as "any State or local government; . . . [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government [.]" 42 U.S.C. § 12131(1)(A), (B); *see also Dyrek v. Garvey*, 334 F.3d 590, 597 n. 3 (7th Cir. 2003) ("the ADA does not apply to federal agencies").

Mr. Barrett's Eighth Amendment claim and Rehabilitation Act claim **shall proceed** as pled against defendants Carvajal and Watson in their official capacities.

**IT IS SO ORDERED**.

Date: 11/16/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kimberly Marcinko Skaggs
kimskaggs@mac.com

3