UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KENNETH EUGENE BARRETT,           )
                                  )
          Plaintiff,              )
                                  )
     v.                           )  Cause No. 2:20-cv-00596-JRS-MG
                                  )
MICHAEL CARVAJAL, Director of     )
Federal Bureau of Prisons, and    )
T.J. WATSON, Warden of USP Terre Haute,)
                                  )
          Defendants.             )

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Kenneth Barrett filed this lawsuit seeking declaratory and injunctive relief under the

Eighth Amendment and Rehabilitation Act because he suffers from chronic Hepatitis C, but had

not yet been placed on a drug treatment plan to cure his condition. Specifically, Barrett asked the

Court to "issue appropriate declaratory and injunctive relief to stop the constitutional violations .

. . and to ensure that Plaintiff immediately receive appropriate treatment for his HCV, including

treatment with direct-acting antiviral medications." (ECF No. 1 ¶ 79.) Mr. Barrett has now

received a course of prescription medication to treat and cure his Hepatitis C, and he is now virus

free. As a result, Mr. Barrett has received all of the available injunctive relief he sought through

his lawsuit and his case must be dismissed for mootness.

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a

justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v.*

*United States*, 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes

it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case]

must be dismissed.") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)); *Honig v. Doe*, 484 U.S.

305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

Where, as here, the defendant challenges the existence of subject matter jurisdiction as a factual matter, the court may also look beyond the complaint "and view whatever evidence has been submitted on the issue . . . ." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). The burden of proving jurisdiction rests with the plaintiff. *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

On November 6, 2020, Mr. Barrett was prescribed Mavyret, which is a direct-acting, prescription, antiviral medication approved by the Food and Drug Administration to treat and cure chronic Hepatitis C. (Ex. A, Barnett 2020 medical records at 2; https://www.fda.gov/news-events/press-announcements/fda-approves-mavyret-hepatitis-c (visited May 14, 2021).) Mr. Barrett was prescribed a daily dose of Mavyret oral tablets for 56 days (eight weeks). (*Id*.) After receiving the drug treatment for eight weeks, the Bureau of Prisons medical staff conducted a

2

blood test, and the Hepatitis C virus was not detected in Mr. Barrett's blood. (Ex. B, Barrett 2021 medical records at 1, 10.) The Bureau of Prisons then waited an additional twelve weeks and conducted another blood test on April 21, 2021, which again showed that the Hepatitis C virus was not detected in Mr. Barrett's blood. (Ex. C, Barrett April 23, 2021 lab results.)  Mr. Barrett's Hepatitis C has therefore been cured, which renders the case moot. *See McWherter v. Davis*, 2020 WL 5638714, *8 (E.D. Tex. Aug. 5, 2020) (denying motion for immediate injunctive relief for HCV treatment as moot "as Plaintiff is currently being treated, or has been treated, with DAAs since filing this lawsuit."); *Dubiel v. Correct Care Solutions*, 2020 WL 365500, *4 (W.D. Ky. Jan. 22, 2020) (denying class certification to inmate in case regarding Hep C treatment where inmate had received direct-acting antiviral treatment and "lab results give every indication that he is clear of HCV").

WHEREFORE, the Official Capacity Defendants respectfully request that the Court grant their motion to dismiss and dismiss all of the Plaintiff's claims against them.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

By:  *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

3

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2021, the foregoing was filed electronically through

ECF/CM, which will generate service of this document electronically through the Court's

ECF/CM system to all counsel of record.


_s/ Shelese Woods_
Shelese Woods
Assistant United States Attorney


Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204

2